THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IN ADMIRALTY**

IN THE MATTER OF:

THE COMPLAINT OF KIRBY INLAND MARINE, LP, AS OWNER OF THE TUG *BRETON SOUND* (ON: 1244858), ITS ENGINES, TACKLE, APPURTENANCES, EQUIPMENT, ETC., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY,

CASE NO.:

    Petitioner.

_____/

**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner KIRBY INLAND MARINE, LP ("Petitioner"), pursuant to Supplement Rule F of the Federal Rules of Civil Procedure, files its Complaint for Exoneration from or Limitation of Liability, and alleges as follows:

1. This Complaint sets forth an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1333 and 46 U.S.C. §§ 30501, *et seq.*

3. At all times material hereto, Kirby Inland Marine, LP, was the owner and operator of the *BRETON SOUND* (the "Vessel"), a 92' towing vessel built in 2013 and bearing official number 1244858.

4. This Complaint is filed within six (6) months of Petitioner's receipt of first written notice of a possible claim against it, arising from the subject incident and subject to exoneration from or limitation of liability, and is, therefore, timely filed.

5. Venue is proper pursuant to Supplemental Rule F(9) because the Vessel is or will be located in this district during the pendency of this litigation and as the Vessel was on a voyage to Tampa at the time of the incident forming the basis of this limitation action.

6. On or about June 9, 2022, Rene Lopez fell ill and was airlifted from the Vessel to a hospital that day. Unfortunately, Mr. Lopez passed away on or about June 11, 2022, reportedly from a condition that was unrelated to his employment as a seafarer for Petitioner or as a member of the crew of the Vessel (the "Incident").

7. At all times material hereto, the Vessel is and was seaworthy, properly manned and efficiently supplied, equipped, and furnished; and well and sufficiently fitted and supplied with suitable machinery, tackle, apparel and appliances, all in good order and condition and suitable for the use for which it was engaged.

8. The Incident and any ensuing property loss, damages, personal injury and/or casualty were not caused by Petitioner's fault, or any person for whose actions Petitioner is responsible. Neither Petitioner nor the Vessel are liable to any extent, and Petitioner is entitled to exoneration from liability from all losses, damages, and injury, occasioned and incurred by or as a result of the Incident.

9. Alternatively, and without admitting liability, Petitioner alleges that in the event it or the Vessel should be held at fault to any parties by reason of the Incident set forth above, Petitioner claims such fault was occasioned and occurred without the privity or knowledge of Petitioner or any of its members, managers, directors, officers, stockholders, or any persons whose actions Petitioner is responsible, at or before the Incident.

10. The Vessel's value at the time of the Incident was $5,437,696. *See* Declaration of Value, attached hereto as **Exhibit "A."** The value of the Vessel's pending freight at the time of the Incident was $113,819.76. *See* Declaration of Pending Freight, attached hereto as **Exhibit "B."**

11. Subject to an express reservation of rights, Petitioner files contemporaneously herewith an *Ad Interim* Stipulation for Value With Letter of Undertaking in the appropriate form, offering stipulation of the Vessel's value in the amount of $5,437,696 and the Vessel's pending freight in the amount of $113,819.76 with interest at six percent per annum from the date of deposit of the security as may

be ascertained and determined to be necessary under any orders of this Honorable Court. *Id.*

12. Pursuant to 46 U.S.C. §§ 30501 *et seq.* and Rule F of the Supplemental Admiralty Rules, Petitioner is required to furnish security for costs. Accordingly, Petitioner will file a Motion for Leave to Deposit Funds in the Court Registry in the amount of $1,000.00 in lieu of filing a cost bond to be deposited into the Registry of the Court.

**WHEREFORE**, Petitioner respectfully requests:

a. Upon filing the *Ad Interim* Stipulation herein described, this Court issue a notice to all persons, firms or corporations asserting claims for any and all losses, damages, injuries or destruction with respect to which Petitioner seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of this Court and to serve on Petitioner's attorneys a copy thereof, on or before the date specified in the notice;

b. Upon filing the *Ad Interim* Stipulation herein described, this Court issue an injunction, per Supplemental Rule F(3), restraining the commencement or prosecution of any action or proceeding of any kind against Petitioner, its underwriters, or any of its property with respect to any claim for which Petitioner seeks limitation, including any claim arising out of or connected

with any loss, damage, injuries or destruction resulting from the Incident described in the Complaint;

c. If any claimant who filed a claim shall also file an exception contesting the value of the Vessel or its pending freight, if any, as alleged herein, and the amount of the *Ad Interim* Stipulation, this Court shall order an appraisement of the value of the Vessel following the loss, the value of Petitioner's interest therein and pending freight, if any, and enter an Order for the filing of an amended stipulation for the aggregate value, as so determined, if any;

d. This Court adjudge Petitioner and the Vessel, and its owner, masters, crew, employees, and agents, not liable whatsoever for any losses, damages, injuries or destruction, or for any claim whatsoever done, occasioned or incurred as the result of the Incident; or, in the alternative, if the Court should adjudge that Petitioner is liable in any amount whatsoever, that said liability may be limited to the value of Petitioner's interest in the Vessel and the Vessel's pending freight, and may be derived pro rata among such claimants; and that a judgment be entered discharging Petitioner and the Vessel of and from any and all further liability and forever enjoining and prohibiting the filing or prosecution of any claims against Petitioner or its property as result of or in connection with the Incident; and

e. This Court grant Petitioner such other and further relief that justice may require.

Dated: **January 18, 2023**                              Respectfully submitted,

*/s/ Jules V. Massee*
**JULES V. MASSEE**
Florida Bar No. 41554
jmassee@hamiltonmillerlaw.com
**JERRY D. HAMILTON**
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
**BROOK K. SOMERVILLE**
Florida Bar No.: 1039688
bsomerville@hamiltonmillerlaw.com
Hamilton Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**SERVICE E-MAIL**:
JVMserve@hamiltonmillerlaw.com
T:  813-223-1900 / F:  813-223-1933
*Counsel for Petitioner*