UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF:

THE COMPLAINT OF KIRBY
INLAND MARINE, LP, AS OWNER
OF THE TUG *BRETON SOUND* (ON:
1244858), ITS ENGINES, TACKLE,                    Case No. 8:23-cv-122-SDM-CPT
APPURTENANCES, EQUIPMENT,
ETC., IN A CAUSE OF EXONERATION
FROM OR LIMITATION OF LIABILITY,

      Petitioner.
_____/

**ORDER APPROVING SECURITY, DIRECTING ISSUANCE OF
MONITION, AND RESTRAINING PROSECUTION OF CLAIMS**

Before the Court is the Petitioner's *Amended Motion to Approve Amended Ad Interim Stipulation for Costs and Value with Letter of Undertaking and Enter Monition and Injunction*. (Doc. 17). For the reasons discussed below, the Petitioner's motion is granted as described herein.

I.

Petitioner Kirby Inland Marine, LP is the owner of a 92-foot towing vessel named *Breton Sound* and bearing Official Number 1244858 (the Vessel), which was involved in a maritime incident on or about June 9, 2022, while the Vessel was on a voyage to Tampa, Florida (the Incident). (Doc. 1). The Incident occurred when a

member of the crew fell ill on the Vessel and was airlifted to a hospital. *Id.* The crewmember then passed away at the hospital two days later, reportedly from a condition unrelated to his employment. *Id.*

On January 18, 2023, the Petitioner filed a complaint seeking to minimize, if not eliminate altogether, its exposure to any liability arising from the Incident pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501–30512 and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F). *Id.* Simultaneously upon filing it complaint, the Petitioner submitted Declarations of Value representing that at the conclusion of the June 9 voyage, the value of the Vessel was $5,437,696 and the value of the pending freight was $113,819.76. (Docs. 1-1, 1-2).

The Petitioner subsequently submitted the instant motion, along with a Letter of Undertaking (LOU),[1] the latter of which is signed by Petitioner's counsel with the authority of Standard Club UK Ltd (Standard Club UK), as security for any claims stemming from the Incident.[2] (Docs. 16, 17). The Petitioner—joined by Standard

---

[1] LOUs are customarily offered by petitioners that opt to post security in lieu of depositing cash into a court's registry. *See In the Matter of Carpe Diem 1969 LLC*, 2018 WL 1463687, at *2 (D. V.I. Mar. 23, 2018) (citations omitted) (stating that *ad interim* stipulations should require "at the very least" an LOU "executed by an appropriate surety" in order to "provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust"); *In re Nat'l Maint. & Repair, Inc.*, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009) ("'Approved security' includes [LOUs], as 'it has been the practice for many years in the maritime industry to accept [LOUs] given by underwriters, domestic or foreign, in order to avoid the detention of vessels and the expense of posting security in other forms.'") (quoting *Matter of Compania Naviera Marasia S.A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979)).

[2] The Petitioner originally filed a motion to approve security seeking, in part, permission to deposit a $1,000 check into the Court's registry in lieu of filing a cost bond. (Doc. 3). Following a hearing on the matter, the Court denied the Petitioner's motion as moot based upon counsel's representations

2

Club UK—states that it will guarantee payment of any potential obligations in this action up to $5,551,515.76, together with costs within the meaning of Supplemental Rule F(1), and with annual interest at six percent. (Docs. 16, 17). Based on these representations, the Petitioner requests in its motion that the Court (1) approve the security; (2) issue a monition to all potential claimants; and (3) impose an injunction under Supplemental Rule F precluding the further prosecution of any proceedings against the Petitioner arising from any claims subject to limitation. (Doc. 17).

## II.

Upon due consideration of the matter, it is hereby ORDERED:

1. The LOU for the value of the Vessel, in the amount of $5,551,515.76, together with costs within the meaning of Supplemental Rule F(1), and with annual interest at six percent, filed by the Petitioner and Standard Club UK, is accepted as adequate security and is approved as to form and quantum. *See* (Doc. 16).

2. The Petitioner and any claimant who may properly become a party hereto may contest the amount or value of the Petitioner's interest in the Vessel as fixed in the LOU; may move the Court for due appraisal of said interest; and may apply to have the amount of said interest increased or decreased, as the case may be, upon the Court's determination of the amount or value of said interest or to carry out the provisions of 46 U.S.C. §§ 30501–30512 for personal injuries, property damage, or any other claims resulting from the Incident.

---

that he would amend his request to include costs in the LOU. (Doc. 15).

3. If the amount of the LOU is not disputed by any claimant, the LOU shall stand as a stipulation for value and an appraisal shall not be required.

4. The Clerk of Court shall issue the attached Monition advising and admonishing all persons or corporations asserting claims for any and all losses, damages, injuries, deaths, or destruction allegedly resulting from the Incident, to file their respective claims with the Clerk of Court, United States District Court for the Middle District of Florida, located at 801 North Florida Avenue, Tampa, Florida 33602 **on or before April 3, 2023**, and to serve or mail copies thereof to the Petitioner's attorneys, Hamilton, Miller & Birthisel, LLP, 100 South Ashley Drive, Suite 1210, Tampa, Florida, 33602, or be defaulted.  If any claimant desires to contest the Petitioner's right to exoneration from or limitation of liability, such claimant(s) shall file and serve on the Petitioner's counsel an answer to the complaint on or before said date, unless his/her claim has included an answer to the complaint so designated, or be defaulted.

5. The Notice of Monition in the form required by Supplemental Rule F and the Admiralty and Maritime Practices Manual shall be published in a newspaper of general circulation in the appropriate county or counties once a week for four (4) consecutive weeks prior to the date fixed for the filing of claims in accordance with Supplemental Rule F and the Admiralty and Maritime Practice Manual.

6. No later than the date of the second weekly publication, the Petitioner shall mail a copy of said notice to every person or corporation known by the Petitioner to have a claim against them arising out of the Incident set forth in the complaint.  In

addition, the Petitioner shall mail said notice to any decedent at the decedent's last known address and also to any person who shall be known to have made any claim on account of such death.

7.   The commencement or further prosecution of any action or proceeding against the Petitioner, the Vessel, or other property of the Petitioner with respect to any claims for which the Petitioner seeks exoneration from or limitation of liability herein, including any claim arising out of or incident to or connected with any loss, damage, injury, death, or destruction, more fully described in the complaint, be and the same is hereby restrained, stayed, and enjoined until the hearing and determination of this action.

8.   Service of this Order as a restraining order in this District may be made in the usual manner as in any other federal district by the United States Marshal's delivery of a certified copy of this Order on the person(s) to be restrained or to their respective attorney(s), or—alternatively—by mailing a conformed copy of the Order to the person(s) to be restrained or to their respective counsel.

SO ORDERED in Tampa, Florida, this 15th day of February 2023.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record