]UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF:

THE COMPLAINT OF KIRBY
INLAND MARINE, LP, AS OWNER
OF THE TUG *BRETON SOUND* (ON:
1244858), ITS ENGINES, TACKLE,                Case No. 8:23-cv-122-SDM-CPT
APPURTENANCES, EQUIPMENT,
ETC., IN A CAUSE OF EXONERATION
FROM OR LIMITATION OF LIABILITY,

    Petitioner.
_____/

**O R D E R**

Before the Court is the *Unopposed Amended Claimant's Motion for Stay of the Limitation Case and Dissolution of the Court's Injunction Dated February 15, 2023*. (Doc. 26). For the reasons discussed below, the motion is granted.

I.

Petitioner Kirby Inland Marine, LP (Kirby Inland) is the owner of a 92-foot towing vessel named *Breton Sound* (the Vessel) that was involved in a maritime incident on or about June 9, 2022 (the Incident). (Doc. 1). According to Kirby Inland, the Incident occurred when a member of the crew, Rene Gregorio Lopez, fell ill while the Vessel was on a voyage to Tampa, Florida, was subsequently airlifted to a hospital,

and then passed away two days later, reportedly from a condition unrelated to his employment. (Docs. 1, 26).

In January 2023, Kirby Inland initiated this action seeking to minimize, if not eliminate altogether, its exposure to any liability arising from the Incident pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* (the Act) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F). (Doc. 1). Simultaneously with the filing of its complaint, Kirby Inland submitted Declarations of Value representing that at the conclusion of the June 9 voyage, the value of the Vessel and pending freight were $5,437,696 and $113,819.76, respectively. (Docs. 1-1, 1-2). Kirby Inland thereafter filed a Letter of Undertaking (LOU)[1] signed by its counsel with the authority of The Standard Club UK Ltd, as security for any claims stemming from the Incident. (Docs. 16, 17).

The Court promptly approved Kirby Inland's LOU, directed the issuance of a Monition to all possible claimants, and imposed an injunction precluding the further prosecution of any proceedings against Kirby Inland stemming from any claims

---

[1] LOUs are customarily offered by petitioners that opt to post security in lieu of depositing cash into a court's registry. *See In the Matter of Carpe Diem 1969 LLC*, 2018 WL 1463687, at *2 (D. V.I. Mar. 23, 2018) (stating that ad interim stipulations should require "at the very least" an LOU "executed by an appropriate surety" in order to "provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust") (citations omitted); *In re Nat'l Maint. & Repair, Inc.*, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009) ("'Approved security' includes [LOUs], as 'it has been the practice for many years in the maritime industry to accept [LOUs] given by underwriters, domestic or foreign, in order to avoid the detention of vessels and the expense of posting security in other forms.'") (quoting *Matter of Compania Naviera Marasia S.A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979)).

subject to limitation. (Doc. 18). The Monition established a deadline for potential claimants to file their respective claims or answers with the Clerk of Court or be defaulted. (Doc. 19).

One claim—lodged by Dorina Lopez as Personal Representative of the Estate of Rene Gregorio Lopez (Lopez Representative or Claimant)—was submitted prior to the deadline.[2] (Doc. 24). Not long after, the Lopez Representative filed the instant motion to dissolve the injunction and to stay this case so that she could proceed with an action in state court with the right to a jury trial. (Doc. 26). Kirby Inland does not oppose the requested stay. *Id.* at 8.

II.

The Act grants a vessel owner, like Kirby Inland, the right to confine its liability for damages or injuries arising from a maritime accident to either the vessel's value or the owner's interest in the vessel and pending freight, provided that the accident occurred without the owner's privity or knowledge. 46 U.S.C. § 30523; *In re Beiswenger Enters. Corp.*, 86 F.3d 1032, 1036 (11th Cir. 1996). The Act, along with Supplemental Rule F, sets forth the procedures for such limitation proceedings. In short, a vessel owner wishing to invoke the Act's protections must file a federal action pursuant to the Act and deposit with the court a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or deposit approved security therefor. 46 U.S.C. § 30529; Fed. R. Civ. P. Supp. R. F(1). If the vessel owner complies with these

---

[2] The original deadline was extended upon Kirby Inland's motion to allow the Lopez Representative to file a claim and answer. (Docs. 21, 23).

requirements, the Act authorizes the court where the case has been brought to halt all proceedings against the owner or the owner's property regarding the matter in question and to direct all possible claimants to submit their claims against the owner with that court. Fed. R. Civ. P. Supp. R. F(3), (4).

Federal courts are afforded exclusive jurisdiction to determine a vessel owner's entitlement to limited liability under the Act pursuant to 28 U.S.C. § 1333. *See* 28 U.S.C. § 1333(1); *Beiswenger*, 86 F.3d at 1036–37 (citations omitted). Although there is no right to a jury trial in such proceedings, *id.* at 1037 (citations omitted), section 1333 "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled," 28 U.S.C. § 1333(1). Known as the "saving to suitors" clause, this portion of section 1333 "embodies a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice." *Beiswenger*, 86 F.3d at 1037. In doing so, the "saving to suitors" clause "maintains concurrent jurisdiction in state and federal court over certain maritime claims." *Freedom Unlimited v. Taylor Lane Yacht & Ship, LLC*, 2021 WL 3629904, at *1 (11th Cir. Aug. 17, 2021)[3] (citing *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 445 (2001)).

Courts have recognized, however, that "[s]ome tension exists between the saving to suitors clause and the . . . Act," since "[o]ne statute gives suitors the right to a choice of remedies, and the other statute gives vessel owners the right to seek limitation of liability in federal court." *Lewis*, 531 U.S. at 448; *In re Key West Jetski*,

---

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

4

*Inc.*, 619 F. Supp. 3d 1216, 1218 (S.D. Fla. 2022) ("Because the . . . Act grants vessel owners the right to limit their liability in federal court and the '[s]aving to [s]uitors' [c]lause allows claimants in admiralty suits to pursue their claims in a forum of their choosing, courts often perceive the two provisions to be in tension with one another.") (citation omitted).  To reconcile this conflict, courts have identified two instances in which claimants may pursue their claims in state court.  *Lewis*, 531 U.S. at 451 (citations omitted).  The first situation arises when "the total claims do not exceed the value of the limitation fund."  *Lewis*, 531 U.S. at 451; *Freedom Unlimited*, 2021 WL 3629904, at *3 (citation omitted).  The second scenario—which applies here—occurs when there is a single claimant who files "stipulations that protect the shipowner's right to have the admiralty court ultimately adjudicate its claim to limited liability." *Freedom Unlimited*, 2021 WL 3629904, at *3 (quoting *Beiswenger*, 86 F.3d at 1037).  In either instance, a court may exercise its discretion to dissolve an injunction previously entered under the Act.  *Lewis*, 531 U.S. at 451, 454.

The Eleventh Circuit has outlined the type of stipulations necessary to lift an injunction in a single claimant case.  *Beiswenger*, 86 F.3d at 1044.  "First, the stipulations must protect the vessel owner's right to litigate its claim to limited liability exclusively in the admiralty court."  *Id.*  For this to happen, the claimant must waive any res judicata defense, as well as "the related defense of issue preclusion with respect to all matters reserved exclusively for determination by the admiralty court."  *Id.* "Second, the stipulations must protect the vessel owner from having to pay damages in excess of the limitation fund, unless and until the admiralty court denies limited

5

liability." *Id.* Lastly, "the stipulations must protect the vessel owner from litigation by the damage claimants in *any* forum outside the limitation proceeding," not just state court. *Id.*

Here, the Lopez Representative is a single claimant, as no other persons or entities have appeared in this action. Regarding the stipulations, the Lopez Representative agrees that Kirby Inland has "the right to litigate in this Court the issue of whether it is entitled to an exoneration from or limitation of its liability pursuant to" the Act and that "this Court has exclusive jurisdiction to determine the issue and the amount of the limitation fund." (Doc. 26 at 7). The Lopez Representative also acknowledges that she will "not seek [a] determination" of the issues of limitation of liability or the value of the vessel in any other court, and that she waives any res judicata or issue preclusive effect of any decision of any other court as to those matters. *Id.* The Lopez Representative further attests that she will "not seek to enforce any judgement rendered in any other [c]ourt against [Kirby Inland] for an amount in excess of the value of" the Vessel and its pending freight, "as determined by this Court until such time [as] this Court has adjudicated [Kirby Inland's] right to limit liability." *Id.*

After careful review, the Court finds that these stipulations adequately safeguard Kirby Inland's right to litigate its claim to limited liability exclusively in admiralty court. *See Lewis*, 531 U.S. at 453–54 ("In this case, petitioner stipulated that his claim for damages would not exceed the value of the vessel and waived any claim of res judicata from the state court action concerning issues bearing on the limitation of liability. . . . We believe nothing more was required to protect respondent's right to

seek a limitation of liability."); *see also Key West Jetski*, 619 F. Supp. 3d at 1219 (approving similar stipulations in a single claimant case); *In re AWE Watersports, LLC*, 2022 WL 2682964, at *2 (M.D. Fla. July 12, 2022) (same). The fact that Kirby Inland does not oppose the Lopez Representative's request to dissolve the injunction buttresses this conclusion. (Doc. 26 at 8). The Court will therefore stay this limitation proceeding and lift the injunction to permit the Lopez Representative to proceed in state court.

## III.

In light of the above, it is hereby ORDERED:

1. The *Unopposed Amended Claimant's Motion for Stay of the Limitation Case and Dissolution of the Court's Injunction Dated February 15, 2023* (Doc. 26) is granted.

2. This case is stayed, and the Clerk of Court is instructed to administratively close the case.

3. On September 25, 2023, and every six months thereafter, the parties shall file a joint status report addressing the progress of the state court action.

4. Within five (5) days of the resolution of the state court action, the parties shall file a motion in this case requesting a hearing to address whether further proceedings are necessary.

SO ORDERED in Tampa, Florida, this 23rd day of June 2023.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record